# UNITED STATES DISTRICT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

PRIME ALLIANCE BANK, INC.,
a Utah banking corporation;
and SERTANT CAPITAL, LLC,
a Delaware limited liability company,

       Plaintiffs

v

THE GREAT LAKES TISSUE COMPANY,
a Michigan corporation,

       Defendant.
_____/

Case No.
Hon. Thomas L. Ludington

DAVID L. POWERS (P39110)
Counsel for Plaintiffs
SMITH, MARTIN, POWERS & KNIER, PC
900 Washington Ave.,
P.O. Box 219
Bay City, MI 48707-0219
Tel: (989) 892-3924
dpowers@smpklaw.com

ROBERT S. MCWHORTER (P49215)
Counsel for Plaintiffs
BUCHALTER, A PROFESSIONAL CORPORATION
500 Capitol Mall, Ste. 1900
Sacramento, California 95762
Tel: (916) 899-1099
rmcwhorter@buchalter.com
_____/

## VERIFIED COMPLAINT FOR
## CLAIM AND DELIVERY AND FOR DAMAGES

BN 75666652v1

1

Plaintiffs Prime Alliance Bank, Inc. ("PAB") and Sertant Capital, LLC ("Sertant") (collectively, "Plaintiffs") state:

## PARTIES, JURISDICTION, AND VENUE

1. PAB is a Utah banking corporation whose principal place of business is located at 1868 South 500 West, Woods Cross, Utah. PAB is duly authorized to conduct business in the State of Michigan.

2. Sertant is a Delaware limited liability company whose principal place of business is located at 620 New Newport Center Drive, Suite 1450, Newport Beach, California. Sertant is duly authorized to conduct business in the State of Michigan.

3. Defendant The Great Lakes Tissue Company ("GLT") is a Michigan corporation duly authorized to conduct business in the State of Michigan, whose principal place of business is located at 437 S. Main Street, Cheboygan, Michigan. Founded in about 1993, GLT manufactures recycled tissue and towel products.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 over Plaintiffs' claims because the matter in controversy is between citizens of different States, and the amount in controversy exceeds $75,000.00 exclusive of costs, interest, and attorneys' fees.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and (b)(2) because GLT is a resident in the Eastern District of Michigan, and the events or omissions giving rise to this action occurred, in part, in this judicial district.

## COUNT I - BREACH OF CONTRACT

6. Plaintiffs incorporate paragraphs 1 through 5 of this Complaint.

7. On or about October 13, 2022, Sertant, as lessor, and GLT, as lessee, entered into Master Lease Agreement No. SC-002157 ("Master Lease") under

which GLT leased certain personal property from Sertant described on separate Lease Schedules executed under the Master Lease. A true and correct copy of the Master Lease is attached hereto as **Exhibit "1"** and is incorporated by reference.

8. Accordingly, as part of the Master Lease, GLT executed Lease Schedule No. 1 ("Schedule No. 1") to the Master Lease, under which GLT agreed to lease from Sertant certain equipment and other personal property (collectively, "Equipment"). The Equipment consists of the following property described below:

|  | Equipment Description | Serial No. |
|---|---|---|
| 1. | 1969 Bacock & Wilcox Gas Fired 60,000 BTU Boiler | M98133M |
| 2. | 2013 Alfa Laval Heat Exchanger | 30115-70081 |
| 3. | 2013 Alfa Laval CB400-86H Heat Exchanger | 42787870 |
| 4. | Appleton 60"x72" Core Cutter | n/a |
| 5. | Wulftec WLP-150 Automatic Strech Wrap Machine | 0700-6317 |
| 6. | Orion SW44-12 Stretch Wrapper | 7117540 |
| 7. | Black Clawson Poly Re-Claim & Stock Prep System | 95-H-P-3692 |
| 8. | Beloit/Proctor & Gamble 128" Tissue Paper Machine and all accessories | n/a |
| 9. | Lot of Laboratory Equipment and all accessories | n/a |
| 10. | 1985 Atlas Copco ZR-3 200 HP Packaged Rotary Screw Air Compressor | ARP-1200-8 |
| 11. | 1985 Atlas Copco ZR-3 200 HP Packaged Rotary Screw Air Compressor | ARP-490886 |
| 12. | 1978 Zurn R110A Refrigerated Air Dryer | R-9510 |
| 13. | 2014 Ingersoll Rand R110 Nirvana SVD 150 Air Compressor | VN1505u13175 |
| 14. | Knowlton Core Machine | n/a |
| 15. | 1997 Perini 200G Core Machine and Back Stand | 09056; 09057 |

|     | Equipment Description | Serial No. |
| --- | --- | --- |
| 16. | 1998 Perini 716B 106" Toilet Roll Rewinder | 09719; 19718 |
| 17. | 2020 Baosuo YD-PL400C-2900 12" Bathroom Tissue Rewinder Line and all accessories | 19S13005Fs |
| 18. | 1999 Perini 702G 106" JRT Rewinder and all accessories | 40533 |
| 19. | 1997 Perini 702G 106" JRT Rewinder Line and all accessories | 8897 |
| 20. | Hobema 14-H 13" Napkin Folder | 446 |
| 21. | Lot of Press, Gears, Valves, Pumps, Motors, Etc. including all components and ancillary items | n/a |
| 22. | Clausing Colchester 17" Horizontal lathe | 2312 |
| 23. | Bridgeport Series Vertical Drill | J202453 |
| 24. | Hendey Horizontal Lathe 14 x 42 | 121 |
| 25. | Cincinnati Milling Machine | E506J |
| 26. | Cincinnati Bickford Drill | 122 |
| 27. | Boyd & Emmes Radial Engine Horizontal Lathe | n/a |
| 28. | Enerpac Hydraulic Press | n/a |
| 29. | Grob NS24 Band Saw | 3508 |
| 30. | Clausing Vertical Drill Press | 104435 |
| 31. | Bradford Grinder | 86 |
| 32. | Clausing Vertical Drill Press | 511876 |
| 33. | Abrasive Machine Tool Sander | n/a |
| 34. | Miller Bobcat 225 NT Welding Set | n/a |
| 35. | Miller Trailblazer 30 Z Welding Set | n/a |
| 36. | Hobart Mega Arc 300 Welding Set | n/a |
| 37. | Misc. Hand Tools and Cabinets | n/a |
| 38. | Rigid 802 Pipe Threader | n/a |
| 39. | Wells Metal Band Saw | 14980 |
| 40. | Miller XMT 350 CC/CV Welding Set | n/a |
| 41. | Modern C6251x1500 Horizontal Lathe – Age 2003 | n/a |
| 42. | Lincoln Wirematic 255 Welding Set, all | n/a |

|     | Equipment Description | Serial No. |
| --- | --- | --- |
|     | components and ancillary items |     |
| 43. | Caterpillar 99F – 3,500 lbs. Cap. | AT81C-00357 |
| 44. | Caterpillar 99H – 3,500 lbs. Cap. | AT81C-00944 |
| 45. | Caterpillar V-80 | 932200-14A |
| 46. | Caterpillar #11 Roll Grab – 7,000 lbs. Cap. | AT8701785 |
| 47. | Caterpillar #12 Roll Grab – 7,000 lbs. Cap. | AT8701784 |
| 48. | Genie #1 Scissor lift | 76192 |
| 49. | Genie #2 Scissor lift | 65851 |
| 50. | Genie #3 Articulating boom | Z34N-3953 |
| 51. | Genie AWP – 300 lbs. Cap. | 3892-1317 |
| 52. | Halla #11 – 4,400 lbs. Cap. | 1449K |
| 53. | Hyster S-150 – 16,000 lbs. Cap. | A24D1857P |
| 54. | Hyster 50 – 4,800 lbs. Cap. | F187V13647F |
| 55. | JCB 506C – 6,000 lbs. Cap | 585635 |
| 56. | JCB 506C – 6,000 lbs. Cap. | JCB5CAJLC61184611 |
| 57. | Kubota SSV65 | 13738 |
| 58. | Linde #5 Roll Grab – 3,700 lbs. Cap. | A11313G00184 |
| 59. | Linde #3 Roll Grab – 3,700 lbs. Cap. | A11313G00185 |
| 60. | Linde #24 – 4,500 lbs. Cap. | A11319J00224 |
| 61. | Linde #68 – 4,500 lbs. Cap. | A11319J00168 |
| 62. | Nissan #8 – 3,500 lbs. Cap. | 23108 |
| 63. | Skid Steer L230 | wbm432589 |
| 64. | Terex All Terrain lift – 6,000 lbs. Cap. | TH06O6B-6256 |
| 65. | Toyota #4 Roll Grab – 4,400 lbs. Cap. | 84988 |
| 66. | Toyota #1 – 7,700 lbs. Cap. | 77656 |
| 67. | Toyota #30 – 7,250 lbs. Cap. | 63678 |

A true and correct copy of Schedule No. 1 is attached hereto as **Exhibit "2"** and is incorporated by reference. The Master Lease Agreement and Schedule No. 1 are collectively referred to as the "Lease."

    9.     Under the Lease, GLT agreed, among other things:

        (a)     That Sertant owned and/or retained a security interest in the Equipment.

        (b)     To pay $68,082.30 per month in rent as specified in the Lease.

(c) That the term of the Lease consisted of an initial term of forty-eight (48) months plus any applicable renewal term.

(d) To various representations and warranties that were material to Sertant's decision to fund the Lease.

(e) To maintain the Equipment in good operating order, condition, repair and appearance, and to protect the Equipment from deterioration other than normal wear and tear.

(f) To permit Sertant to enter and inspect the Equipment to confirm its existence, condition, and proper maintenance.

(g) To possess and use the Equipment in GLT's name only and not to part with possession or control of the Equipment without the prior written consent of Sertant.

(h) To perform all other terms and conditions of the Lease.

(i) That if GLT failed to perform any of its obligations under the Lease when due or committed any other event of default:

   i. Sertant could declare GLT in default and exercise all of its rights and remedies under the Lease and the law.

   ii. Sertant could recover all past due payments owed under the Lease, plus all other amounts that become due in the future.

   iii. Sertant could take possession of all of the Equipment, wherever located.

   iv. GLT would pay Sertant all of Sertant's costs and expenses, including reasonable attorneys' fees, incurred in enforcing its rights thereunder.

10. Under the Lease, an Event of Default occurs if: (i) GLT failed to pay "when due any installment of Rent or any other sum owed by [GLT]" and "such failure continues for a period of ten (10) days"; (ii) GLT changed its organizational structure without the prior written consent of Sertant; (iii) GLT undergoes any change in control, change in ownership of any type which results in a material deterioration in GLT's creditworthiness; (iv) GLT fails to maintain the Equipment in good working order, condition, repair, and appearance or to protect the Equipment from deterioration other than normal wear and tear; (v) GLT defaults in payment or performance of any obligation or indebtedness of any kind or description due or to become due; (vi) GLT failed to permit Plaintiffs to inspect the Equipment to confirm its existence, condition and proper maintenance; and/or (vii) GLT failed to comply with the terms of the Lease. (Ex. 1, ¶¶ 12, 13, 16, pp. 5-7.)

11. On or about October 13, 2022, Sertant assigned certain Initial Period Rent payments and residual interest rights under the Lease and the Equipment to PAB. Sertant retained other rights and interests in the Lease and the Equipment as part of the assignment. A true and correct copy of the UCC-3 Financing Statement further reflecting the assignment is attached hereto as **Exhibit "3"** and is incorporated by reference.

12. Plaintiffs fully performed under the Lease, or such performance was waived or excused due to GLT's breach of the Lease.

13. Sertant remained the owner of the Equipment, although Sertant filed a precautionary UCC-1 Financing Statement with the Michigan Secretary of State's Office, a true and correct copy of which is attached hereto as **Exhibit "4"** and is incorporated by reference.

14. GLT materially breached and committed Events of Default under the Lease by, among other things:

(a) failing to pay rent due under the Lease on January 1, 2023 and February 1, 2023, as reflected in GLT's payment history, a true copy of which is attached as **Exhibit "5"** hereto and is incorporated by reference;

(b) changing ownership, control and/or management of GLT without Lessor's prior written consent resulting in a material deterioration of GLT's creditworthiness as determined by Plaintiffs in their sole discretion.

(c) refusing to permit Lessor to inspect the Equipment, despite Plaintiff's request;

(d) on information and belief, failing to keep and maintain the Equipment in the condition required under the Lease;

(e) failing to provide the financial and business information and documents as requested by Plaintiffs, including information on GLT's new management;

(f) defaulting in the payment or performance of obligations or indebtedness due or to become due;

(g) permitting or causing the occurrence of an Adverse Change as defined in the Lease; and

(h) taking or failing to take other actions as may be discovered.

15. GLT changed ownership, management, and/or control of GLT in early January 2023, without Plaintiffs' prior written consent, in violation of the Lease. Plaintiffs first received notice of the change of control on January 25, 2023 based on an email from GLT's former counsel; a copy is attached hereto as **Exhibit "6"** and is incorporated by reference.

16. Plaintiffs repeatedly demanded that GLT comply with the Lease. Despite these demands, GLT failed and refused to perform as agreed.

17. Because of GLT's material breach and Events of Default under the Lease, Plaintiffs exercised their right to accelerate and declare immediately due and payable all rent payments now and in the future due under the Lease and all other amounts owed under the Lease. Plaintiffs have demanded that GLT perform its obligations owed under the Lease. A true and correct copy of Plaintiffs' February 3, 2023 demand letter is attached hereto as **Exhibit "7"** and is incorporated by reference.

18. As a direct and proximate cause of GLT's material breach of and Events of Default under the Lease, Plaintiffs incurred general, special, and consequential damages in an amount according to proof at trial which are no less than $2,278,162.75 as of March 2, 2023, plus late charges, default interest, costs and attorneys' fees which accrue; plus Palintiffs' residual interest in the Equipment. Further, Plaintiffs are also entitled to immediate possession of the Equipment since Sertant is the owner thereof in addition to damages for the breach or, alternatively, such other remedies provided for under the Lease as Plaintiffs may elect. A copy of the GLT account balance statement is attached hereto as **Exhibit "8"** and is incorporated by reference.

19. The Lease provides for payment of reasonable attorneys' fees and all expenses incurred by Plaintiffs in enforcing the Lease. Because GLT breached the Lease, Plaintiffs have been obliged to retain attorneys to enforce their rights. Sertant is, therefore, entitled to recover its reasonable attorneys' fees and costs of collection.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter a judgment in their favor and against GLT (i) awarding damages for at least

$2,278,165.75 as of March 2, 2023, or such as other amount as proved at trial, plus late charges, default interest, costs, and attorneys' fees; (ii) awarding immediate possession of the Equipment to Plaintiffs; and (iii) granting other relief as is just and equitable.

## COUNT II – CLAIM AND DELIVERY

20. Plaintiffs incorporate paragraphs 1 through 19 of this Complaint.

21. Plaintiffs are the owners of the Equipment, and GLT's right to have the quiet use and enjoyment of the Equipment immediately terminated after GLT materially breached and committed Events of Default under the Lease. The Equipment is specifically described above in paragraph 8 of this Complaint and is incorporated by reference. The Equipment consists of independent pieces of property.

22. Despite Plaintiffs' termination of the Lease, GLT has wrongfully retained possession of and exercised dominion and control over the Equipment that has been unlawfully detained from Plaintiffs by GLT.

23. To the best of Plaintiffs' knowledge, the Equipment is not in the custody of the law by a warrant for the collection of tax assessment.

24. Plaintiffs have made demands upon GLT to surrender possession of the Equipment, but GLT failed, neglected and/or refused to surrender the Equipment all to Plaintiffs' damage. Exhibit 7 reflects one such demand.

25. Because of GLT's material breach of, and Events of Default under, the Lease, Plaintiff has a right to immediate possession of the Equipment.

26. If GLT retains possession Plaintiffs' Equipment, Plaintiffs justifiably believe that the Equipment will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value before final judgment unless the Equipment is taken into custody by court order. Despite the multiple defaults under

the Lease, Plaintiffs are informed and believe that either (a) GLT has continued to use the Equipment to generate income without making any payment therefore; or (b) the Equipment is being exposed to the weather and is not being maintained in accordance with the Lease or at all.

27.    Plaintiffs will be immediately and irreparably injured and damaged if GLT continues using the Equipment, notwithstanding GLT's default under the Lease. On information and belief, and as set forth above, the Equipment is not being maintained and is in danger of destruction. Further, to the extent it is being used, the Equipment continues to depreciate through continued wear and tear without any payment being made to Plaintiffs.

28.    On February 1, 2023, Plaintiffs received a letter from Kip Boie, the former principal of GLT, a true copy of which is attached hereto as **Exhibit "9"** and is incorporated by reference. In this letter, Mr. Boie indicated:

    (a)    GLT's building located at 437 S. Main Street, Cheboygan, Michigan ("GLT Premises") is and has been, in urgent need of repair;

    (b)    the roof recently collapsed due to weather conditions;

    (c)    GLT laid off fifty (50) workers immediately before the December holidays; and

    (d)    GLT's engineer visited GLT's Premises and recommended to the County Building Inspector that the building be condemned.

29.    On February 13, 2023, Mr. Boie sent Plaintiffs' counsel an email linking various local Cheboygan news reports, a true and correct copy of which is attached hereto as **Exhibit "10"** and is incorporated by reference. A true and correct copy of screen prints taken from the report reflecting the distressing

condition of the GLT Premises is attached hereto as **Exhibit "11"** and incorporated by reference.

30. Mr. Boie's counsel further confirmed in a February 10, 2023 email (as reflected in Exhibit 10) that "even if Great Lakes Tissue Group wanted to give access to Sertant, we cannot" since Mr. Boie no longer has decision-making power at GLT. Counsel suggested that Plaintiffs contact counsel for the new ownership to request an inspection. Plaintiffs made that request, but to no avail, as reflected in the email chain ending February 16, 2023. A true and correct copy of this email chain is attached hereto as **Exhibit "12"** and is incorporated by reference. To date, GLT has not permitted any inspection. Plaintiffs justifiably fear that GLT refused to permit inspection of the Equipment because it failed to keep and maintain it in good operating condition and to protect it from deterioration.

31. Online searches and news reports reflect, at best, numerous questions and potential concerns about the new management team running GLT. True and correct copies of recent news reports (February 9, 2023) are attached hereto as **Exhibit "13"** are incorporated by reference. Plaintiffs know nothing about the experience and capabilities of the GLT's newly appointed Chief Executive Officer, Mr. Prange, or the consultants and other offers advising him. The NBC news report states:

> Under its new name, Tissue Depot, the factory will be one of the largest employers of Cheboygan, but there are concerns with all the turnover and silence about what exactly is happening behind the scenes.

See Exhibit 13.

32. Plaintiffs note that a company called "Tissue Depot" in Cheboygan, Wisconsin (not Michigan), run by Mr. Prange's father, Jim Prange, experienced legal troubles, thereby raising additional questions for due diligence purposes. A

BN 75666652v1

12

true and correct copy of an online post from the "Oneida Eye" Twitter feed is attached hereto as **Exhibit "14"** and is incorporated by reference.

33. Regardless of the character or lack of character of new management (Plaintiffs do not know one way or another simply based on internet and news reports), Plaintiffs are informed and believe that their Equipment is in immediate jeopardy and needs to be secured.

34. As reflected in the September 27, 2022 appraisal attached hereto as **Exhibit "15,"** the orderly liquidation value of the Equipment was appraised at $4,375,200.00, and the forced liquidation value was $3,450,900. Plaintiffs believe that these amounts represent the approximate value of the Equipment. If this Court does not award possession to Plaintiffs, Plaintiffs justifiably believe that the Equipment will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value before final judgment.

35. Plaintiffs believe that no security is required to enter an order awarding possession to them. GLT has no equity in the Equipment. This transaction is a lease, not a loan; the Equipment is not collateral. Plaintiffs own the Equipment. Plaintiffs are entitled to possession of the Equipment.

36. Plaintiffs request possession of the Equipment pending final judgment.

37. Good cause exists for this Court to enter an immediate order directing GLT to refrain from damaging, destroying, concealing, disposing of, or using so as to substantially impair its value, the Equipment until further order of the Court.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court (1) enter a temporary restraining order as provided by Fed. R. Civ. P. 64, M.C.R. 3.105 (E)(2)(a), or other applicable law prohibiting GLT from damaging, destroying, concealing, disposing of, or using so as to substantially impair its

value, the Equipment until further order of the Court; (2) enter an order granting Plaintiffs possession pending final judgment; and (3) enter a final judgment in favor of Plaintiffs and against GLT awarding Plaintiffs immediate possession of the Equipment, awarding Plaintiffs their attorneys' fees and costs, and granting other relief as is just and equitable.

## COUNT III – CONVERSION

38.  Plaintiffs incorporate paragraphs 1 through 37 of the Complaint.

39.  Without justification, GLT has intentionally and substantially interfered with and exercised continued wrongful dominion and control over the Equipment. Following GLT's default, Plaintiffs have had the right to possess the Equipment immediately. GLT's right to the quiet use and enjoyment of the Equipment immediately ceased without further notice. Despite Plaintiffs' demand, GLT has failed and refused to deliver possession of the Equipment to Plaintiffs. As a result, the Equipment is being wrongly detained by GLT.

40.  As a proximate result of GLT's unjustified and improper interference with and exercised dominion and control over the Equipment, Plaintiffs have suffered continuing damages over $75,000.00, exclusive of costs, exemplary damages, interest, and attorneys' fees; plus are entitled to the immediate return of their Equipment so that it may be sold or leased to third parties.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a Judgment in their favor and against GLT over $75,000.00, plus interest,

costs, attorneys' fees, and exemplary damages, and grant other relief as this Court deems just and equitable.

Dated: March 9, 2023                    Respectfully Submitted

                                                SMITH, MARTIN, POWERS & KNIER, PC

By:  /s/ David L. Powers
     DAVID L. POWERS (P39110)
     Counsel for Plaintiffs
     900 Washington Ave.
     P.O. Box 219
     Bay City, MI 48707-0219
     Tel: (989) 892-3924
     dpowers@smpklaw.com

Dated: March 9, 2023

                                                BUCHALTER, a Professional Corporation

By: /s/ with consent of Robert S. McWhorter
     ROBERT S. MCWHORTER (P49215)
     Counsel for Plaintiffs
     500 Capitol Mall, Ste. 1900
     Sacramento, CA 95762
     Tel: (916) 899-1099
     rmcwhorter@buchalter.com

## **VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct. Executed on March __, 2023.

                      SERTANT CAPITAL, LLC

                By: _____
                      MICHAEL J. PRZEKOP
                      Its:  President

I declare under penalty of perjury that the foregoing is true and correct. Executed on March __, 2023.

                      PRIME ALLIANCE BANK, INC.

                By: _____
                      MICHAEL WARD
                      Its:  President

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on March __, 2023.

                            SERTANT CAPITAL, LLC

                    By: _____
                          MICHAEL J. PRZEKOP
                          Its: President

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 9th, 2023.

                            PRIME ALLIANCE BANK, INC.

                    By: /s/ Michael Ward
                          MICHAEL WARD
                          Its: President

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 9, 2023.

SERTANT CAPITAL, LLC

By: _____
MICHAEL J. PRZEKOP
Its: President

I declare under penalty of perjury that the foregoing is true and correct. Executed on March __, 2023.

PRIME ALLIANCE BANK, INC.

By: _____
MICHAEL WARD
Its: President

BN 75666652v1

16

MIED (Rev. 5/05) Statement of Disclosure of Corporate Affiliations and Financial Interest

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

PRIME ALLIANCE BANK, INC., a Utah banking corporation; and SERTANT CAPITAL, LLC a Delaware limited liability company,
        Plaintiff(s),

Case No. 23-

v.

THE GREAT LAKES TISSUE COMPANY, a Michigan corporation,

        Defendant(s).
_____/

## STATEMENT OF DISCLOSURE
## OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

Pursuant to E. D. Mich. LR 83.4, Prime Alliance Bank, Inc.

makes the following disclosure: *(NOTE: A negative report, if appropriate, is required.)*

1. Is said corporate party a subsidiary or affiliate of a publicly owned corporation?

    Yes ☐    No ☑

    If the answer is yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party.

    Parent Corporation/Affiliate Name:
    Relationship with Named Party:

2. Is there a publicly owned corporation or its affiliate, not a party to the case, that has a substantial financial interest in the outcome of the litigation?

    Yes ☐    No ☑

    If the answer is yes, list the identity of such corporation or affiliate and the nature of the financial interest.

    Parent Corporation/Affiliate Name:
    Nature of Financial Interest:

Date: March 9, 2023

*/s/ David L. Powers*

David L. Powers (P39110)
P. O. Box 219
Bay City, MI 48707-0219
989-892-3924
dpowers@smpklaw.com

MIED (Rev. 5/05) Statement of Disclosure of Corporate Affiliations and Financial Interest

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

PRIME ALLIANCE BANK, INC., a Utah banking corporation; and SERTANT CAPTIAL, LLC, a Delaware limited liability company,

Plaintiff(s),

Case No. 23-

v.

THE GREAT LAKES TISSUE COMPANY, a Michigan corporation,

Defendant(s).

/

## STATEMENT OF DISCLOSURE
## OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

Pursuant to E. D. Mich. LR 83.4, Sertant Capital, LLC

makes the following disclosure: *(NOTE: A negative report, if appropriate, is required.)*

1. Is said corporate party a subsidiary or affiliate of a publicly owned corporation?

   Yes ☐    No ☑

   If the answer is yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party.

   Parent Corporation/Affiliate Name:
   Relationship with Named Party:

2. Is there a publicly owned corporation or its affiliate, not a party to the case, that has a substantial financial interest in the outcome of the litigation?

   Yes ☐    No ☑

   If the answer is yes, list the identity of such corporation or affiliate and the nature of the financial interest.

   Parent Corporation/Affiliate Name:
   Nature of Financial Interest:

Date: March 9, 2023

David L. Powers (P39110)
P. O. Box 219
Bay City, MI  48707-0219
989-892-3924
dpowers@smpklaw.com